Dear Mr. Caswell:
On behalf of the St. Landry Parish School Board, you have requested an opinion from this office as to whether it is legal for the St. Landry Parish School Board to create a new position and hiring someone for that position, without letting it be known inside or outside the school system that the position is available for other applicants. The minutes of the February 6, 2003 So. Landry Parish School Board meeting indicate and you have confirmed that the position in question is not a teaching position, but rather a twelve-month position that will be paid based on the teacher salary schedule. You also stated that this is a position that is considered part of the school board central office staff and the individual hired to fill the position meets all the qualifications required of the position.
The pertinent statutory provisions governing the hiring of an individual to fill the position described are found in LSA-R.S. 17:84 and LSA-R.S. 17:81(C).
LSA-R.S. 17:84 states the following in pertinent part:
 The parish school boards may appoint such assistant superintendents, supervisors, stenographers, bookkeepers as may be needed, and such attendance officers, medical directors, and other appointees as may be necessary for the proper and efficient conduct of the schools; they may also fix their salaries and prescribe their duties.
LSA-R.S. 17:81 states the following in pertinent part:
 C. Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
LSA-R.S. 17:84 grants parish school boards the authority to select and employ personnel it deems necessary for the proper and efficient operation of its schools. This authority includes the creation of necessary positions. LSA-R.S. 17:81(C) permits school boards to adopt their own rules and regulations to carry out their governmental functions provided the policies adopted are not inconsistent with law or the regulations of the State Board of Elementary and Secondary Education. A school board may choose to adopt rules governing the selection of individuals to fill vacant positions.
This office has found no state law requiring a parish school board to advertise, internally or externally, for positions it is attempting to fill. Additionally, we have found no State Board of Elementary and Secondary Education rule requiring the advertisement of vacant positions in the situation you describe. (Also, see Attorney General Opinion Nos. 78-1309, 81-551 and 96-349.) Pursuant to LSA-R.S. 17:81(C), the St. Landry Parish School Board can establish its own policy governing the procedure to be followed when filling vacant positions, including the advertisement of those positions. In the absence of a local policy, a contractual obligation or a federal desegregation decree requiring the advertisement of vacant positions, it is the opinion of this office that the St. Landry Parish School Board may, pursuant to the grant of authority in LSA-R.S. 17:81(C) and 17:84, fill vacant positions without prior advertisement.
I hope this opinion has sufficiently answered your inquiry. If I can be of further assistance to you, please let me know.
With best regards,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ Katherine M. Whitney Assistant Attorney General
RPI:KMW:lrs
Date Released: May 1, 2003
Assistant Attorney General